UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PERRY; and GINA CIMMINO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES OF AMERICA WRESTLING ASSOCIATION, INC. an Oklahoma corporation; ARMAMENT SYSTEMS AND PROCEDURES, INC., a Wisconsin corporation, and; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-1451-JAH-MDD<br><br>**ORDER DENYING DEFENDANT UNITED STATES OF AMERICA WRESTLING ASSOCIATION, INC.'S MOTION TO DISMISS [Doc. No. 11]** |

# INTRODUCTION

Plaintiffs, Richard Perry ("Plaintiff Perry") and Gina Cimmino (collectively "Plaintiffs"), filed a complaint on July 28, 2020, asserting claims for negligence/recklessness under the Federal Tort Claims Act, 28 U.S.C. section 2671, negligence, negligent product liability, strict products liability for failure to warn and design/manufacturing defect, and loss of consortium. Plaintiffs named the United States of America, the United States of America Wrestling Association, Inc., and Armament Systems and Procedures, Inc. as defendants. Plaintiffs allege all Defendants owed and

1

breached a duty to Plaintiffs and caused Plaintiff Perry to suffer life threatening injuries during a Marine Corps weapons training exercise on August 27, 2018 at a training camp jointly planned and held by United States of America Wrestling Association and the Marine Corps. (Doc. No. 1, Complaint ¶¶ 15, 21, 22).

Defendant United States of America Wrestling Association ("Defendant") filed a Motion to Dismiss ("MTD") on October 5, 2020 for failure to state a claim. (Doc. No. 11). Plaintiffs subsequently filed an opposition to that motion ("Opp.") on November 18, 2020. (Doc. No. 16). Defendant timely filed a reply on November 25, 2020. (Doc. No. 17). Finding the matter suitable for disposition on the papers, the Court took the matter under submission.

After a review of the parties' submissions and for the reasons discussed below, the Court **DENIES** Defendant's motion.

## LEGAL STANDARD

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant moves to dismiss the complaint based on Plaintiffs' failure to sufficiently state a claim for negligence or loss of consortium arguing Plaintiffs fail to allege Defendant owed or breached a duty and the claims alleged are barred by the assumption of the risk doctrine.

Plaintiffs oppose the motion and argue Defendant's duty arises from California Civil Code section 1714, its own rules and regulations and its position of control over the wrestlers under its care. They further argue a determination of whether the doctrine of

assumption of the risk bars the claims is inappropriate at the pleading stage.

## I. LEGAL DUTY

Defendant asks the Court to dismiss the complaint against them because Plaintiffs failed to show facts sufficient to establish that Defendant owed a legal duty to Plaintiffs. Specifically, Defendant argues that there was no duty owed to Plaintiffs because Defendant did not own or control the premises, training exercise, or equipment worn by Plaintiff Perry during the injury causing event and that no exception to the general rule of duty, such as a special relationship, exists.

### A. General and Expressed Duty

Defendant argues that while Plaintiffs indicate that Defendant helped jointly plan the training camp, they did not own or control the equipment Plaintiff Perry used when he was injured. Defendant argues that absent the requisite control over the equipment, the premises, and the training exercise during which Plaintiff Perry was injured, there was no legal duty owed. Defendant maintains the complaint makes clear that Camp Pendleton and the equipment contained thereon were controlled and operated by the Marine Corps and, at the time of the incident, Plaintiff Perry was participating in a military weapons training exercise organized by the Marine Corps. Defendant states Plaintiffs' allegations that Defendant should have known of the alleged defective equipment, coupled with the absence of requisite control over the equipment, does not amount to a legal duty owed to Plaintiffs. Defendant also argues that no duty could have existed through their governing body, the Amateur Sports Act ("ASA") because under the ASA, Defendant has no authority to delegate their duties owed to sporting events other than wrestling.

In their opposition, Plaintiffs contend ownership or control has no bearing on the general duty of care under California Civil Code section 1714, and, even if it does, they sufficiently allege Defendant exercised joint control over the equipment selection and weapons for the combat drill through jointly organizing, planning, directing and supervising the training camp with the Marine Corps. They maintain the general duty to exercise reasonable care for the safety of others in his or her activities under section 1714

includes the duty to not place other people in situations of peril, even if that peril could be caused by a third person. Plaintiffs also maintain nothing in the ASA limits the scope of legal duties owed by the national governing bodies to their athletes.

Defendant replies that no duty existed because they did not have sufficient control over the training exercise or equipment related to the military weapons exercise which is the injury causing incident. Defendant states that helping organize the training camp at Camp Pendleton was not the injury-causing event because the camp, in totality, did not cause Plaintiff's injuries.  Defendant asserts that the issue is whether they acted negligently in relation to the training exercise, as Plaintiffs allege that the training exercise is the sole cause of Plaintiff Perry's injuries and argues the complaint fails to allege Defendant had any ability to control the training exercise or the equipment being used at the training exercise.

"A duty of care is an essential element of a negligence cause of action." Univ. of S. California v. Superior Court, 30 Cal. App. 5th 429, (2018); see Regents of Univ. of California v. Superior Court, 4 Cal.5th 607, 618 (2018). "To prove negligence, a plaintiff must show that the defendant owed the plaintiff a duty of care, breached that duty and the breach caused the plaintiff harm." Sharufa v. Festival Fun Parks, LLC, 49 Cal. App. 5th 493, 498 (2020); Mark K. v. Roman Catholic Archbishop, 67 Cal.App.4th 603, 612, (1998). Generally, each person has a duty to act with reasonable care under the circumstances. Regents, 4 Cal. 5th at 619; Cabral v. Ralphs Grocery Co., 51 Cal.4th 764, 771, (2011); see also, Civ. Code, § 1714(a). "[A] person ordinarily is obligated to exercise due care in his or her own actions so as not to create an unreasonable risk of injury to others, and this legal duty generally is owed to the class of persons who it is reasonably foreseeable may be injured as the result of the actor's conduct." Lugtu v. California Highway Patrol, 26 Cal. 4th 703 (2001); Ca. Civ. Code, § 1714. "[S]ection 1714 does not ... impose a presumptive duty of care to guard against any conceivable harm that a negligent act might cause." Sabetian v. Exxon Mobile Corp., 57 Cal. App. 5th 1054, 1071; see Southern California Gas Leak Cases, 7 Cal.5th 391, 397 (2019).

Defendant's motion hinges on the theory that absent the ability to control the equipment or the exercise in which Plaintiff Perry was injured, there is no duty owed to Plaintiffs.  To support this theory, Defendant cites to Isaacs v. Huntington Memorial Hospital, 38 Cal.3d 112 (1985), Mark v. Pacific Gas & Electric Co., 7 Cal. 3d 170 (1972) and Seaber v. Hotel Del Coronado, 1 Cal.App.4th 481 (1991). These cases are distinguishable.  Each of the cases cited by Defendant focused on the lack of control by a given defendant and determined the defendant owes no duty when there is no reasonable expectation that said defendant would be required to act under the circumstances. However, the claims asserted in those cases sought liability based upon the defendant's control over certain premises and the holdings address premises liability. In Issacs, the court reasoned "[a] defendant cannot be held liable for the defective or dangerous condition of property which it [does] not own, possess, or control and determined summary judgment was proper where lack of control was established." 38 Cal.3d at 134.  The court in Mark held the grant of nonsuit was proper upon finding the landlords who owned the apartment did not have ownership or control over the streetlight at issue. 7 Cal.3d 170.  In Seaber, the court reasoned the hotel could not reasonably be expected to take action over something for which it had no control.  1 Cal.App.4th 481.

Here, Plaintiffs seek damages based upon Defendant's joint planning and operating the training camp and relationship to Plaintiff Perry. Defendant argues that control over the premises and equipment is a requirement for a duty to be present. This is not the case. As stated previously, under California law, a person has a duty to act reasonably under the circumstances as not to harm another person. Civ. Code, § 1714.

In their complaint, Plaintiffs allege that National Team members, such as Plaintiff Perry, were required to attend periodic training camps organized and held by Defendant, such as the training camp in question. (Complaint ¶ 14). Plaintiffs allege that in August 2018, as part of a Marine Corps recruitment and public relations initiative, the Marine Corps and Defendant jointly held a multi-week World Team Training Camp, for elite civilian wrestlers. (Complaint ¶ 15). This camp was also jointly run by employees and

1  agents of the Marine Corps and Defendant and held on the Marine Corps base, Camp
2  Pendleton. (Complaint ¶ 15).  Plaintiffs state that the camp was planned for wrestlers to
3  train in wrestling and participate in Marine Corps activities while at the camp, and they
4  would eat, sleep and otherwise live in a general sense, the life of a Marine. (Complaint
5  ¶16). The Marine Corps and Defendant are alleged to both have arranged for civilian
6  athletes, like Plaintiff Perry, to participate in military training activities, unrelated to the
7  sport of wrestling. (Complaint ¶17). In order to allow such athletes like Plaintiff Perry to
8  participate in the training exercises, it is alleged that both Defendant and the Marine Corps
9  also set forth rules and regulations listing safety measures for each activity that instructed
10 participants to "begin slow", "never execute techniques at full force", "progress to free
11 sparring", and "all instructors must ensure the use of proper safety equipment and
12 implement proper safety procedures." (Complaint ¶18). Plaintiffs also allege that
13 Defendant's own rules and regulations require that "safety of the athletes be prioritized
14 above all else", Defendant's "coaches must plan safe environments, both on and off the
15 wrestling mat", and Defendant's "coaches must be alert to the safety and wellbeing of the
16 athletes." (Complaint ¶ 20). However, Plaintiff alleges that Defendant departed not only
17 from those rules implemented for the camp, but also their own policies and procedures
18 relating to safety of athletes by placing Plaintiff Perry into the military weapons training
19 exercise. (Complaint ¶21). Plaintiffs further allege both the Marine Corp and Defendant
20 either failed to inspect or maintain the equipment, or negligently inspected or maintained
21 the equipment used by Plaintiff Perry. (Complaint ¶ 27).  Plaintiffs claim that Defendant
22 jointly and negligently organized, sponsored, planned, directed, controlled, coordinated,
23 oversaw, supervised, and managed an activity in which Plaintiff Perry on August 27, 2018
24 was directed to engage in full-contact military weapons training exercise. (Complaint ¶
25 59).

26      Plaintiffs' complaint states clearly that Defendant owed Plaintiff Perry a duty to use
27 reasonable care in connection with the Camp and to avoid unreasonable and unnecessary
28 risk of severe injury. (Complaint ¶ 57). Even if control were required, Plaintiffs allege

Defendant jointly and negligently organized, planned, directed, controlled, oversaw, supervised, and managed the activity in which Plaintiff Perry was injured (Complaint ¶ 59).

Because Plaintiffs properly allege factual allegations showing a duty owed by Defendant, Defendant's motion is DENIED.

### B. Special Relationship

Because the Court finds Plaintiffs sufficiently allege a general duty was owed by Defendant, it will not address whether a duty was owed as a result of a special relationship.

## II. ASSUMPTION OF RISK

Defendant argues in its motion to dismiss that Plaintiffs' claims are barred by Plaintiff Perry's participation in the weapons training exercise under the primary assumption of risk doctrine. Defendant's motion also states that based on Plaintiffs' complaint, it was the Marine Corps, not Defendant, who increased the risk of harm to Plaintiff Perry by providing him the "grossly unsuitable" helmet.

In their opposition, Plaintiffs argue that Defendant's argument regarding assumption of the risk is inappropriately brought in a motion challenging the pleadings. They also argue Defendant's relationship to the activity created by co-organizing, sponsoring, and supervising the camp does not allow for a primary assumption of the risk as a defense. Plaintiffs further argue that Defendant increased the risk to cause Plaintiff Perry injury that were not inherent in the sport of wrestling.

Defendant, in reply, maintains that Plaintiffs' claims are barred through the assumption of risk doctrine because Defendant did not increase the risk to Plaintiff Perry because Defendant did not own the equipment Plaintiff Perry was using in the weapons training exercise when he was injured.

Primary assumption of risk involves situations where "by virtue of the nature of the activity and the parties' relationship to the activity, the defendant owes no legal duty to protect the plaintiff from the particular risk of harm." Knight v. Jewett, 3 Cal. 4th 296, 314–15 (1992). It acts as a complete bar to recovery. Id. "In the sports setting, [ ] conditions

or conduct that otherwise might be viewed as dangerous often are an integral part of the sport itself." Id. at 316. Generally, defendants have no duty to protect others from risks inherent in a sport but they do have a duty not to increase the risk beyond those inherent in the sport. Cheong v. Antablin, 16 Cal.4th 1063, 1068 (1997); Peart v. Ferro, 119 Cal. App. 4th 60, 72 (2004).  As such, "the nature of a sport is highly relevant in defining the duty of care owed by the particular defendant." Knight, 3 Cal. 296 at 316.

When determining whether the doctrine applies, "a court looks first at the nature of the sporting activity at issue to determine what conditions, conduct or risks that might be viewed as dangerous in other contexts are so integral to or inherent in the activity itself that imposing a duty of care would either require that an essential aspect of the sport be abandoned, or else discourage vigorous participation therein." Peart, 119 Cal.App4th at 72. Additionally, the court must consider the defendant's role in, or relationship to, the sport. Id.

The Court finds review of the nature of the activity and Defendant's role requires making factual findings.  To do so is inappropriate at this stage of the proceedings. Accordingly, Defendant's motion to dismiss based on assumption of the risk is DENIED without prejudice.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Defendant's motion to dismiss is **DENIED.**

DATED: May 17, 2021

_____
JOHN A. HOUSTON
United States District Judge